UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                        Case No. 13-33448-WRS
                                                                             Chapter 7
THOMAS CRAIG STOKES
IVY JOYCE STOKES,

     Debtors

MOTORS ACCEPTANCE CORPORATION,

     Plaintiff                                      Adv. Pro. No. 17-3022-WRS

  v.

THOMAS CRAIG STOKES and
IVY JOYCE STOKES,

     Defendants

**MEMORANDUM DECISION**

     This Adversary Proceeding is before the Court on the Motion to Dismiss for failure to state a claim upon which relief can be granted filed by Defendants Thomas and Ivy Stokes. (Doc. 14). Plaintiff Motors Acceptance Corp., is represented by counsel William C. Elliott and Defendants Thomas and Ivy Stokes are represented by counsel Andrew Poston. The Court heard argument on June 6, 2017, and requested a brief from the Plaintiff, which was filed July 20, 2017. (Doc. 28). The questions prompted by this Motion to Dismiss, aside from whether a claim is stated, are (1) whether assuming a lease somehow transmutes a prepetition claim to a post-petition claim and (2) whether rental obligations incurred between filing a petition and converting to another Chapter are post-petition debts. For the reasons set forth below, the Defendants' Motion to Dismiss is GRANTED and the Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

## I. Facts

Defendants Thomas and Ivy Stokes filed a joint petition in bankruptcy pursuant to Chapter 13 of the Code on December 23, 2013. (13-33448, Doc. 1). At that time, the Stokes were leasing a 2006 Mazda from Plaintiff Motors Acceptance. The Debtors filed a Chapter 13 Plan in which they assumed the lease. (Doc. 1) (13-33448, Doc. 35). The Debtors' Chapter 13 Plan was confirmed by the Court on March 21, 2014. (Doc. 1, para. 7) (13-33448, Doc. 40).

The automatic stay, with respect to Motors Acceptance and the Mazda automobile, was terminated by this Court's Order of February 18, 2016. (13-33448, Doc. 64). On October 14, 2016, the Stokes voluntarily converted their Chapter 13 case to a case under Chapter 7. (13-33448, Doc. 74). On March 14, 2017, Motors Acceptance filed a complaint, alleging that the indebtedness owed by the Stokes under the lease was not dischargeable. The Stokes have moved to dismiss, contending that the complaint filed by Motors Acceptance fails to state a claim upon which relief can be granted.

## II. Law

### A. Jurisdiction

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I), (J). This is a final order.

### B. Motion to Dismiss Standard

Motions to dismiss for failure to state a claim upon which relief can be granted are governed by Rule 12(b)(6), Fed. R. Civ. P., which is made applicable to these proceedings by

2

Case 17-03022    Doc 31    Filed 08/03/17    Entered 08/03/17 11:41:35    Desc Main
Document    Page 2 of 8

Rule 7012, Fed. R. Bankr. P. The factual allegations of the complaint are presumed to be true for the purposes of deciding the motion to dismiss. However, the Court is not bound to accept as true legal conclusions. Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555 (2007).

### C. Discharges and Dischargeability

Before diving into the details of the Complaint, the Court will review discharges in bankruptcy, which is the primary, if not exclusive, goal of a debtor who files bankruptcy under Chapter 7. Once a bankruptcy court enters an order of discharge, creditors are enjoined from taking any action to collect debts owed them by the debtor. 11 U.S.C. § 727, 524(a)(2).

Quite naturally, creditors seek to avoid having their debts discharged when they are able to do so. Their efforts generally take one of two forms. First, a creditor may object to entry of the discharge. 11 U.S.C. § 727(a). Section 727(a) enumerates twelve different grounds upon which a discharge may be denied. For example, § 727(a)(4) provides that a discharge may be denied if the debtor makes a false oath or account in connection with his case. In general terms, the § 727(a) grounds involve debtor misconduct in connection with a bankruptcy case. If a debtor's discharge is denied under § 727(a), no order of discharge is entered and the debtor remains liable to all of his creditors.

The second form of action brought by creditors are proceedings to determine that a debt is excepted from the debtor's discharge. 11 U.S.C. § 523(a). Section 523(a) enumerates eighteen different kinds of debts that are excepted from the debtor's discharge. Some debts do not discharge because of some form of debtor culpability. For example, debts arising out of fraud are excepted from discharge. § 523(a)(2). Other debts do not discharge because Congress has

3

decided, as a policy matter, certain kinds of debts should not discharge.  For example, debts for child support are excepted from discharge.  § 523(a)(5).  Creditors who bring an action under § 523(a), seeking a determination that their debt is excepted from discharge, receive their determination without disturbing the debtor's discharge.  In other words, if a creditor obtains judgment under § 523(a), the debtor nonetheless discharges all of his debts, except the one which is found to be excepted from the debtor's discharge.  Needless to say, these two forms of action comprise a substantial body of bankruptcy law.

Consequently, if a creditor wishes to object to the discharge of all or a portion of a debtor's debts, he must file a complaint stating the applicable grounds. The creditor is limited to objecting to entry of discharge under § 727(a) or may bring an action to determine that a debt is excepted from the debtor's discharge under § 523(a). In either case, the applicable grounds must be stated in a prayer for relief.

### D.  Motors Acceptance Complaint Fails to State a Claim Upon Which Relief Can be Granted

Turning to the instant proceeding, Plaintiff Motors Acceptance does not invoke either of these two forms of action discussed above.  Rather, Motors Acceptance takes the position that because the Debtors assumed their lease while their case was pending under Chapter 13, this somehow transmutes their prepetition claim under their lease to a post-petition claim which does not discharge.  Thus, Motors Acceptance is attempting an end run around a large body of law. To understand Motors Acceptance's claim, and why it fails, one must consider two additional Code Sections.

4

Section 727(b) provides, in part, that "a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter." This is one of the bedrock rules of bankruptcy practice. A discharge in bankruptcy discharges only those debts which are in existence at the time the petition in bankruptcy is filed. United States v. Mitchell (In re Mitchell), 633 F.3d 1319, 1326 (11th Cir. 2011).

Motors Acceptance's argument is that when the Stokes assumed their prepetition lease while their case was pending under Chapter 13, they somehow transmuted it into a post-petition claim, which Motors Acceptance contends does not discharge under § 727(b). There are two problems with this argument. First, Motors Acceptance can cite no authority for the novel proposition that assumption of an existing lease somehow turns it into a post-petition obligation. Second, even if Motors Acceptance could somehow manage this bit of Chapter 13 alchemy, it overlooks the provisions of 11 U.S.C. § 348, which deals with conversions of bankruptcy cases from one Chapter to another. 11 U.S.C. § 348(d) provides as follows:

> A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1208, or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

The plain language of § 348(d) is dispositive of Motors Acceptance's claim. Even if one accepts the proposition that assumption of a lease in a Chapter 13 case makes it a post-petition obligation, it has no answer for the plain language of § 348(d). Motors Acceptance's claim, even if it was a post-petition claim, "shall be treated for all purposes as if such claim had arisen

5

immediately before the date of the filing of the petition" because the Stokes converted their case from Chapter 13 to Chapter 7. 11 U.S.C. § 348(d). This provision results in the treatment of debts which arise post-petition but preconversion as debts which arose prepetition and, therefore, dischargeable pursuant to § 727(b).

The Rule of § 348(d) is stated succinctly in a case recently handed down by a bankruptcy court in the Eastern District of Missouri. "When a bankruptcy case is converted to chapter 7 from chapters 11, 12 or 13, section 727(b) renders dischargeable all debts which arose before the date of conversion, unless those debts are made nondischargeable by section 523(a)." *The Keefe Law Firm v. Days (In re Days),* 540 B.R. 423, 428 (Bankr. E.D. Mo. 2015) (citing *In re Toms*, 229 B.R. 646, 652 (Bankr. E.D. Penn. 1999)); *see also, In re Benjamin Coal Company*, 978 F.2d 823, 827 (3rd Cir. 1992) (stating that Section 348(d) relegates all claims in a converted case to pre-petition status, except Section 523(b) administrative expense claims, in a case converted from Chapter 11 to Chapter 7); *In re Gilpin*, 290 B.R. 490, 492 (Bankr. W.D. Mo. 1997) (stating that a debt arising during the pendency of a case gives rise to a dischargeable debt upon conversion of the case to another chapter unless the debt is determined to be nondischargeable pursuant to 11 U.S.C. § 523). This succinct restatement includes rental debt from an assumed lease incurred during the period between the filing of a petition and the date of conversion. *Stoltz v. Brattleboro Hous. Auth.*, 259 B.R. 255, 259 (D. Vt. 2001) (stating that rental charges incurred after the date of the petition and before the date of conversion are discharged). In fact, with the sole exception of § 503(b) claims, preconversion claims are treated identically to prepetition claims when the case is converted from Chapter 13 to 7. § 348.Effect of conversion, 10 Norton Bankr. L. & Prac. 3d 11 U.S.C. § 348 (citing HR Rep No. 595, 95th Cong, 1st Sess 337 (1977); S

6

Rep No. 989, 95th Cong, 2d Sess 48 (1978)); *see* Bankruptcy Federal Judiciary Official Forms B318.

Returning to the first contention made by Motors Acceptance—that assumption of a lease in a Chapter 13 case renders the indebtedness on the lease a post-petition obligation—the Court wishes to make clear that it by no means accepts this as a correct proposition of law. Motors Acceptance cited no authority for the proposition and this Court is unable to find any. In addition, the Court is aware of no reason why this should be so. While this case is disposed of pursuant to § 348(d), the Court wishes to reiterate that it does not accept this proposition advanced by Motors Acceptance—that assumption of a lease during a Chapter 13 case renders any debt associated with the lease nondischargeable if the case is later converted to a case under Chapter 7.

### III. Conclusion

The Court concludes that there is no merit to the claim of Motors Acceptance that the indebtedness owed it by the Stokes does not discharge in bankruptcy. The assumption of the subject lease while this case was pending under Chapter 13 did not somehow make the indebtedness a post-petition debt. Moreover, even if the subject indebtedness was post-petition, § 348(d) of the Code would nevertheless render the debt dischargeable as it is treated as a prepetition claim. For these reasons, the complaint filed by Plaintiff Motors Acceptance is

DISMISSED WITH PREJUDICE for failing to state a claim upon which relief can be granted.

The Court will enter an order by way of a separate document.

    Done this 3rd day of August, 2017.

                                            United States Bankruptcy Judge

c: William C. Elliott, Attorney for Plaintiff
   Andrew Poston, Attorney for Defendants